## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
## CIVIL DIVISION

DERRY PEEK,                          CASE NO.:
    Plaintiff,                    DIVISION:

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
    Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

COMES NOW the Plaintiff, DERRY PEEK, and herein requests Defendant, STATE

FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, within forty-five (45) days after

service of this Request to make the following admissions for the purpose of this action only and

subject to all pertinent objections to admissibility which may be interposed at the trial:

1.    Plaintiff's injuries are in excess of Fifteen Thousand Dollars ($15,000.00), exclusive

of costs and interest.

2.    That there was an insurance contract in existence between the Plaintiff and the

Defendant on the date of the respective accident.

3.    The insurance contract provides uninsured motorists benefits to the plaintiff.

4.    Plaintiff was involved in a motor vehicle accident where the uninsured motorist

provisions of the policy were in full force and effect.

5.    Plaintiff suffered injuries as a result of the motor vehicle accident.

6.    The tortfeasor was underinsured and/or uninsured in the form of automobile liability

coverage.

7.    That Plaintiff has otherwise performed all conditions precedent to entitle her to

recover under the policy.

8.    As a result of the automobile accident Plaintiff suffered bodily injury.

9.    As a result of the automobile accident Plaintiff suffered great physical pain and suffering.

10.    As a result of the automobile accident Plaintiff suffered disability and inability and loss of capacity to lead an enjoyable life.

11.    As a result of the automobile accident Plaintiff suffered inconvenience.

12.    As a result of the automobile accident Plaintiff suffered disfigurement and/or scarring.

13.    As a result of the automobile accident Plaintiff suffered mental anguish.

14.    As a result of the automobile accident Plaintiff suffered loss of or diminishment of earning capacity.

15.    As a result of the automobile accident Plaintiff suffered aggravation of preexisting disease or physical defect.

16.    As a result of the automobile accident Plaintiff suffered permanent injury within a reasonable degree of medical probability.

17.    As a result of the automobile accident Plaintiff suffered significant loss of important bodily function(s).

18.    As a result of the automobile accident Plaintiff suffered significant and permanent scarring or disfigurement.

19.    As a result of the automobile accident Plaintiff suffered a loss of capacity for the enjoyment of life.

20.    As a result of the automobile accident Plaintiff incurred the expense of hospitalization, medical and/or nursing care treatment.

21.    As a result of the automobile accident Plaintiff suffered loss of ability to earn money.

22.    As a result of the automobile accident Plaintiff has incurred medical related expenses, past and future incurred for treatment of the injuries.

23.    The Plaintiff's injuries are permanent or continuing in nature.

24.    The medical treatment at the accident scene was reasonably necessary to determine whether the subject accident caused Plaintiff's injuries.

25.    The medical treatment at the emergency room was reasonably necessary to determine whether the subject accident caused Plaintiff's injuries.

26.    The diagnostic testing rendered to Plaintiff was reasonably necessary to determine whether the subject accident caused Plaintiff's injuries.

27.    The Plaintiff was not comparative at fault and or negligent.

28.    The Plaintiff was wearing her seat belt/restraint.

I HEREBY CERTIFY that a true and exact copy of the foregoing has been furnished with a copy of the Complaint upon Defendant.

ROBERT P. CHADWICK
Florida Bar No.: 0611824
Angelina Whittington
Florida Bar No.: 0019666
CHADWICK & FEDEWA, P.A.
3034 Bearss Avenue West
Tampa, Florida 33618
813/264-1500
813/968-1493 - facsimile
service@chad-law.com –primary
chadlawservice@gmail.com –secondary
aw@chad-law.com –tertiary
Attorneys for Plaintiff

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
## CIVIL DIVISION

DERRY PEEK,                                    CASE NO.:
      Plaintiff,                          DIVISION:

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
      Defendant.

_____/

## NOTICE OF SERVICE OF PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

Plaintiff, DERRY PEEK, by and through his undersigned counsel, and pursuant to Rule

1.340 of the Florida Rules of Civil Procedure, herewith files this Notice of Service of First Set of

Interrogatories numbered 1 through 14 on the Defendant, **STATE FARM MUTUAL**

**AUTOMOBILE INSURANCE COMPANY**, which are to be answered under oath within forty-

five (45) days of the date of service hereof.

I HEREBY CERTIFY that a true and exact copy of the foregoing has been served upon the

Defendant with a copy of the Complaint.



ROBERT P. CHADWICK
Florida Bar No.: 0611824
Angelina Whittington
Florida Bar No.: 0019666
CHADWICK & FEDEWA, P.A.
3034 Bearss Avenue West
Tampa, Florida 33618
813/264-1500
813/968-1493 - facsimile
service@chad-law.com –primary
chadlawservice@gmail.com –secondary
aw@chad-law.com –tertiary
Attorneys for Plaintiff

## PART ONE
## DEFINITIONS AND INSTRUCTIONS

As used herein:

1. "Document and Documents" mean the original, all copies and all translations of any writing and any written, recorded or graphic material, whether typed, handwritten, printed or otherwise, and any photograph, photostat, microfilm or other reproduction thereof, including, without limitation, each note, memorandum, letter, telegram, telex, circular, release, article, report, prospectus, memorandum of telephone or personal conversation, record financial statement, analysis, chart, account, book, draft summary, diary, transcript, agreement, computer print-out, contract and order. "Documents" as used herein also means any tape or audible recording, any photograph or motion picture or videotape, and any non-identical copy of any document as previously defined, e.c., any copy of a document as previously defined which differs from any copy thereof, either by virtue of other material appearing thereon, such as handwriting or typewriting, or otherwise.

2. "Copy" when used in reference to a document means any color or black-and-white facsimile reproduction of the document and any color or black-and-white facsimile reproduction made of such a facsimile reproduction of the document, regardless of whether the facsimile reproduction is made by means of carbon paper, pressure sensitive paper, xerography or other means or process.

3. "Communication" means any writing, telephone conversation, oral conversation other than telephone conversation and meeting.

4. "Person" means any natural person, any business entity (whether partnership, association, cooperative or corporation), any governmental entity or department, agency, bureau or political subdivision thereof.

5. (a) Where knowledge or information or possession of a party is requested, such request includes knowledge of the party's agents, representatives, experts, persons consulted concerning any factual matters or matters of opinion relating to any of the facts or issues involved in this action, and unless privileged, the party's attorneys. By the same token, the pronoun "you" includes the party to whom these Interrogatories and the persons mentioned in the preceding sentence.

(b) To the extent that you consider any of the following Interrogatories objectionable, answer so much of each Interrogatory and each part thereof which is not objectionable in your view and separately state that part of each Interrogatory as to which you raise objection and each ground for each such objection.

6. "Plaintiff" refers to Plaintiff in this action, its officers, directors, agents, employees, representatives and all other persons acting on its behalf or as its agent.

7. "You or Your" refers to Plaintiffs and agents, employees, representatives and all other persons acting on their behalf or at their request. Your responses to these Interrogatories must

reflect and contain knowledge of all persons embraced by the term "Plaintiffs" or the term "you" or "your".

8. The word "identify" when used with respect to a person, means that you are required to furnish the following information for each and every person to be identified:

(a) If the person is an individual, state his full name, his last name, business and residence address and telephone number, and his last known employer or place of employment.

(b) If the person is not an individual, state the full name and address of the entity involved and the name, last known address, employer and place of employment of each and every individual or other person employed by or representing such entity or organization having knowledge of or with whom communications have been had relating to the subject matter of the Interrogatory.

9. The word "identify", when used with respect to a document or documents, means that you are required for each and every document to be identified, to:

(a) State the exact name and the title by which you refer to it.

(b) State the date and all other serial or identifying numbers thereon.

(c) Identify, by providing all the information required by definition number 6, each and every person who wrote, signed, initialed, dictated or otherwise participated in the creation of said documents.

(d) State its general subject matter.

(e) Identify, by providing all the information required by definition number 6, each and every addressee, if any, of said document, or any copy thereof, and each and every person having custody or control of said document or any copy thereof.

(f) Specify the location of any file or files where the document, or any copy thereof, is normally or presently kept, and identify, by providing all the information required by definition number 6, the custodian thereof.

(g) Briefly summarize the contents of the documents.

10. "Miscellaneous" –

(a) Where knowledge or information or possession of a party is requested, such request includes knowledge of the party's agent, representative, experts, persons consulted concerning any factual matters or matters of opinion relating to any of the facts or issues involved in this action and, unless privileged, the party's attorneys. By the same token, the pronoun "you" includes the party to whom these Interrogatories and document request specifications are addressed and the persons mentioned in the preceding sentence.

(b) To the extent that you consider any of the following Interrogatories objectionable, answer so much of each Interrogatory and each part thereof that is not objectionable

in your view and separately state that part of each Interrogatory as to which you raise objection and each ground for each objection.

IN THE CIRCUIT COURT OF THE SIXITH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

DERRY PEEK,                              CASE NO.:
    Plaintiff,                       DIVISION:
v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
    Defendant.

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Notwithstanding any previous statement which you may have given at any other time, in
accordance with the Florida Rules of Civil Procedure, you are required to answer within thirty (30)
days after service of the attached Interrogatories numbered 1 through 14, inclusive, in writing and
under oath, inserting said answers upon the original and to serve the original and copies pursuant to
the Rules.

DATED: 4-13-17

ROBERT P. CHADWICK
Florida Bar No.: 0611824
Angelina Whittington
Florida Bar No.: 0019666
CHADWICK & FEDEWA, P.A.
3034 Bearss Avenue West
Tampa, Florida 33618
813/264-1500
813/968-1493 - facsimile
service@chad-law.com –primary
chadlawservice@gmail.com –secondary
aw@chad-law.com –tertiary
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of these Interrogatories has been served

upon the Defendant with a copy of the complaint.


ROBERT P. CHADWICK

# INTERROGATORIES

1.   What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2. State your complete corporate name, nature of your business, whether you are licensed to do business in the State of Florida, whether you maintain agents for the transacting of your customary business in **Hillsborough** County, and whether your name as it appears in the Plaintiff's Complaint is correct.

3.    List the names, residence addresses, business addressed and telephone numbers of all persons who, on your behalf or on behalf of your agents or representatives, have in any way participated in the investigation, adjusting or handling of the claim for benefits involved herein and specify the date and the nature of the participation of each such person.

4.    For any and all policy defenses which you reasonably believe are available with regard to the claim made by the Plaintiff herein: Describe in detail the factual and legal basis for any such defenses and give complete names, residence addresses, business addresses and telephone numbers of each and every person believed or known by you, your agents or attorneys, to have knowledge of the facts which would provide the basis for any such defenses.

5.  Describe in detail each act or omission on the part of any party to this lawsuit that you
    contend constituted negligence that was a contributing legal cause of the incident in
    question.

6.    If you contend that the Plaintiff was negligent or comparatively negligent with respect to the Plaintiff's own injuries, please set forth:

  a.    All facts known to you, your attorney, or agents which support or corroborate the allegation of negligence on the part of the Plaintiff;

  b.    Name, address, and telephone number of any person known to you who has knowledge regarding any facts which support the allegation of negligence on the part of the Plaintiff;

  c.    The name, address, and telephone number of any custodian of any writing or report which supports any denial of any of Plaintiff's complaint.

7.   State the facts upon which you rely for each affirmative defense in your answer and identify by name and address all persons who support these facts.

8.   Do you contend any person or entity other than you is, or may be liable in whole or part for the claims asserted against you in this lawsuit?  If so, state full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

9.   List the names and addresses of all persons who are believed or known by you, your agents,
     or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and
     specify the subject matter about which the witness has knowledge.

10.    Have you heard or do you know about any statement or remark made by or on behalf of any
       party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state
       the name and address of each person who made the statement or statements, the name and
       address of each person who heard it, and the date, time, place, and substance of each
       statement.

11.  State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

12.   Do you contend that nay of the injuries or damages sustained by he Plaintiff in the occurrence which is the subject of this claim were or are the result of any pre-existing physical condition suffered or sustained by the Plaintiff prior to the collision which is the subject of this claim and if so, please set forth:

 a.   Each and every fact which supports such contention;

 b.   The name, address and telephone number of each and every person known to you who possesses knowledge of such fact; and

 c.   The name, address, and telephone number of any custodian of any writing or report which supports any denial of any Plaintiff's Complaint.

13.   Provide a complete list of all benefits which have been paid to or on behalf of the Plaintiff for injuries the Plaintiff sustained in the accident involved herein, specifying the nature of the services rendered, the provider of the services, the amount of the charges, the date the charges were incurred, the date you first had notice of the charges, the date the charges were incurred, the date you first had notice of the charges, the date the charges were paid by you, and for each, whether you agree that the benefits paid have been for "reasonable", "related" and "necessary" medical, rehabilitative or remedial services.

14.    For each denial of any Request for Admission served concurrently with these interrogatories state every fact or evidence upon which your denial is based, identify every document and/or witness which supports the denial.

To: 18132237881       From: State Farm          Fax: ISC East FD1P (Ser...   KOFAX   at 17-05-12 15:58   Doc: 117   Page: 033

_____


_____

Printed Name


_____

Title


**STATE OF** _____

**COUNTY OF** _____


    BEFORE ME, the undersigned authority, did personally appear _____

_____, who, being first duly sworn, deposes and says that he/she has read the

answers to the foregoing Interrogatories and that said answers are true and correct to the best of

his/her knowledge and belief.



_____

NOTARY PUBLIC

My commission expires:



Personally Known _____

Produced I.D. _____

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

DERRY PEEK,                           CASE NO.:
     Plaintiff,                      DIVISION:

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
     Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE

COMES NOW the Plaintiff, DERRY PEEK, by and through his undersigned counsel,

pursuant to Rule 1.350, Florida Rules of Civil Procedure, requests Defendant, STATE FARM

MUTUAL AUTOMOBILE INSURANCE COMPANY, to produce within the time prescribed by

law at the offices of Robert P. Chadwick, CHADWICK & FEDEWA , P.A., 3034 Bearss Avenue

West, Tampa, Florida 33618, the original of the following documents:

1.     The original policy of insurance.

2.     All photographs taken of or at the scene of the incident described in Complaint.

3.     Any photographs of any of the vehicles showing any marks or damage on said

vehicles which were the result of the incident described in the Complaint.

4.     All documents identified in your responses to the Interrogatories served concurrently

with this First Request to Produce.

5.     Any documents identified and/or used to deny any Request for Admissions served

concurrently with this First Request to Produce.

6.     Any and all reports relating to the accident received from anyone including

governmental agencies.

7.     Any and all statements made by the Plaintiff in regard to this accident.

8.      Any and all documents reflecting the damages to any vehicles involved in the accident.

9.      Any documents which buttress any contention by you that Plaintiff was negligent with respect to the incident or their injuries.

10.     Any documents which buttress any contention by you that any injuries or damages sustained by Plaintiff in the occurrence which is the subject matter of this lawsuit were or are the result of any preexisting physical condition.

11.     Any and all statements of whatsoever kind or nature made by any persons identified in any Interrogatories served concurrently with this First Request to Produce.

12.     Any and all statements made by any and all persons who may have any information relating to the allegations in the Plaintiff's Complaint or the defenses filed by the Defendant.

I HEREBY CERTIFY that a true and exact copy of the foregoing has been furnished with a copy of the Complaint upon Defendant.


ROBERT P. CHADWICK
Florida Bar No.: 0611824
Angelina Whittington
Florida Bar No.: 0019666
CHADWICK & FEDEWA, P.A.
3034 Bearss Avenue West
Tampa, Florida 33618
813/264-1500
813/968-1493 - facsimile
service@chad-law.com –primary
chadlawservice@gmail.com –secondary
aw@chad-law.com –tertiary
Attorneys for Plaintiff

2